```
                    IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
ROGER C. SCHAEFER and               )    Bankruptcy Case No. 08-30285
EVA K. SCHAEFER,                    )
                                    )
          Debtors.                  )

ROGER C. SCHAEFER and               )
EVA K. SCHAEFER,                    )
                                    )
          Plaintiffs,               )
                                    )
     vs.                            )    Adversary Case No. 08-3088
                                    )
FIRST NATIONAL BANK OF              )
WATERLOO, et al.,                   )
```

OPINION

This matter having come before the Court on a Motion to Alter or Amend Judgment, for Relief from Judgment, for Reconsideration and for Rehearing; the Court, having heard arguments of counsel and having reviewed written memoranda filed by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The matter before the Court is governed by Rule 59 of the Federal Rules of Civil Procedure made applicable to all bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure.  Rule 59(e) is designed to give a party an opportunity to direct the Court's attention to newly discovered material evidence or of a manifest error of law or fact, allowing the Court to correct its own errors and, thus, avoid unnecessary appellate procedures.  Russell v. Delco Remy Div. of General Motors, Corp., 51 F.3d 746 (7th Cir. 1995).  Rule 59(e) does not allow a party

to undo its own procedural failures or to allow a party to introduce new evidence or advance arguments that could and should have been presented to the Court in the first instance. <u>LB Credit Corp. v. Resolution Trust Corp.</u>, 49 F.3d 1263 (7th Cir. 1995).

By the instant Motion, Defendant, First State Bank of Red Bud, seeks to have the Court reverse its judgment order of October 15, 2009, in favor of the Official Committee of Unsecured Creditors and to then reenter judgment in favor of the First State Bank of Red Bud. At hearing on November 9, 2009, counsel for Defendant, First State Bank of Red Bud, sought permission to file a pleading to clarify the record. Defendant was allowed an opportunity to file any clarification with the intention that no new factual evidence would be considered. The parties were also granted an opportunity to brief the issues raised by First State Bank of Red Bud in its Motion to Alter or Amend Judgment. The parties have now submitted briefs, and a review of the record of this proceeding reveals that no pleading clarifying the record has been filed. The matter is, thus, ripe for a decision on the Motion to Alter or Amend Judgment.

Given that no clarification of the record has been filed, the Court has reviewed the record of this proceeding, including the facts previously stipulated to by the parties. The Court finds that the Motion filed by Defendant, First State Bank of Red Bud, does not raise any newly discovered evidence or identify any manifest errors of law or fact in this Court's original Opinion. The function of a motion pursuant to Rule 59(e) of the Federal

Rules of Civil Procedure is not to give the moving party another "bite of the apple" by permitting the arguing of issues and procedures that could and should have been raised prior to judgment. See: FDIC v. Meyer, 781 F.2d 1260 (7th Cir. 1986). The Court's original ruling of October 15, 2009, was based upon a finding that there was no reasonably equivalent value given by the Defendant Bank in exchange for their execution of the mortgage dated August 27, 2007. In its Motion, the Defendant Bank takes issue with the Court's reliance on In re Solomon, 300 B.R. 57 (Bankr. N.D. Okla. 2003); however, in arguing its position, the Defendant Bank cites no specific authority to find that Solomon, is inapposite to the instant case. Therefore, based upon Rule 59(e) of the Federal Rules of Civil Procedure and the cases cited herein, the Court finds that the Motion to Alter or Amend Judgment, for Relief from Judgment, for Reconsideration and for Rehearing filed by Defendant, First State Bank of Red Bud, should be denied.

ENTERED: January 28, 2010.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge